IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
NEW YORK LIFE INSURANCE      )
COMPANY,                     )
                             )
          Plaintiff,         )
                             )
     v.                      )     1:18CV739
                             )
DONNIE TERRY, ESTATE OF      )
DEBORAH TERRY, JESSICA       )
MCGRAW, and MISTY SHELTON,   )
                             )
          Defendants.        )
```

**MEMORANDUM OPINION AND ORDER**

**OSTEEN, JR., District Judge**

Defendants Estate of Deborah Terry ("the Estate"), Jessica McGraw ("McGraw"), and Misty Shelton ("Shelton") move for summary judgment. (Doc. 13.) No response was filed and the motion is ripe. For the following reasons, this court will grant summary judgment.

**I. FACTS AND PROCEDURAL HISTORY**

This action was originally filed as an interpleader action by Plaintiff New York Life Insurance Company ("New York Life"). (Complaint ("Compl") (Doc. 1).) In addition to moving Defendants, the complaint named Donnie Terry as a Defendant. Although Donny Terry was served with process, (Doc. 6), he has

not answered or otherwise responded to the complaint. Shelton and McGraw filed a pro se letter answer. (Doc. 9.) On December 4, 2018, this court granted New York Life's motion for interpleader deposit and dismissal of Plaintiff, (Doc. 10). (See Doc. 12.) The motion for interpleader and dismissal was joined by Shelton and McGraw. (See Doc. 10.) On March 9, 2020, the Estate, McGraw, and Shelton moved for summary judgment.

The following facts are not disputed. Deborah Terry was issued an individual life insurance policy in 2015 by New York Life through AARP. (Compl. (Doc. 1) ¶ 9.) Deborah Terry designated her husband, Donnie Terry, as sole beneficiary. (Id., Ex. B.) No alternate or contingent beneficiary was named in the policy. Deborah Terry has two children, Shelton and McCraw. (Defs.' Mem. of Law in Supp. of Mot. for Summ. J. ("Defs.' Br.") (Doc. 14), Ex. 5.) Deborah Terry died November 22, 2017, and her death was ruled a homicide. (Defs.' Br. (Doc. 14) at 3; Ex. C.)

On December 3, 2019, Donnie Terry pled guilty to the offense of Second Degree Murder in the death of Deborah Terry. (Id., Exs. 3, 4; Doc. 9.) On February 13, 2020, the Estate of Deborah Kaye Terry was established with Shelton appointed as Administrator CTA. (Defs. Br. (Doc. 14), Ex. 6.)

The terms of the insurance policy provide that any provision of the policy that conflicts with any state law or

- 2 -

regulation is amended to conform to the minimum requirements of such law and/or regulation. (Compl. (Doc. 1), Ex. 1 at 5.)[1] The insurance policy specifically provides:

> No payment will be made to any person(s) if such person(s) is the principal or accomplice in willfully bringing about the INSURED's death. Payments will be made in accordance with this section as though that person(s) had died before the INSURED.

(Id. at 7; Defs.' Br. (Doc. 14), Ex. 1 at 7.)

## II. ANALYSIS

The Estate, McGraw, and Shelton move for summary judgment, requesting an order directing "the Clerk of Court to disburse the death benefits under the life insurance policy issued by New York Life Insurance Company to the Estate." (Doc. 13 at 1.) As noted above, Defendant Donnie Terry has not responded to the Complaint. Nor has Defendant Donnie Terry responded to the motion for summary judgment. "The failure to file a response may cause the Court to find that the motion is uncontested." LR56.1(d). This court finds the motion is uncontested. Nevertheless, this court is obligated to analyze the motion. Maryland v. Universal Elections, Inc., 729 F.3d 370, 380 (4th Cir. 2013).

---

[1] All citations in this Memorandum Opinion and Order to documents filed with the court refer to the page numbers located at the bottom right-hand corner of the documents as they appear on CM/ECF.

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). This court's summary judgment inquiry is whether the evidence "is so one-sided that one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). The moving party bears the initial burden of demonstrating "that there is an absence of evidence to support the nonmoving party's case." Celotex Corp., 477 U.S. at 325. If the "moving party discharges its burden . . . , the nonmoving party then must come forward with specific facts showing that there is a genuine issue for trial." McLean v. Patten Cmtys., Inc., 332 F.3d 714, 719 (4th Cir. 2003) (citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986)). Summary judgment should be granted "unless a reasonable jury could return a verdict for the nonmoving party on the evidence presented." McLean, 332 F.3d at 719 (citing Liberty Lobby, 477 U.S. at 247-48).

Under North Carolina law, a "slayer" is defined as "a person who has entered a plea of guilty . . . as a principal . . . of the willful and unlawful killing of another person." N.C. Gen. Stat. § 31A-3(3)(b). Second degree murder in North Carolina "is the unlawful killing of a human being with malice,

but without premeditation and deliberation." State v. Foust, 258 N.C. 453, 458, 128 S.E.2d 889, 892 (1963); State v. Coble, 351 N.C. 448, 449, 527 S.E.2d 45, 47 (2000). This court finds that Donnie Terry is a "slayer" within the meaning of North Carolina law as to Deborah Terry.

North Carolina law states that "[t]he slayer shall be deemed to have died immediately prior to the death of the decedent and the following rules shall apply . . ." N.C. Gen. Stat. § 31A-4. N.C. Gen. Stat. § 31A-11 provides that:

> [i]nsurance and annuity proceeds payable to the slayer . . . shall be paid to the person or persons who would have been entitled thereto as if the slayer had predeceased the decedent. If no alternate beneficiary is named, insurance and annuity proceeds shall be paid into the estate of the decedent.

N.C. Gen. Stat. § 31A-11(a)(2).

Because no alternate or contingent beneficiary was named by Deborah Terry in her life insurance policy, this court finds that the proceeds of the New York Life policy issued to Deborah Terry are payable to the Estate of Deborah Terry.

After careful review of the record, this court finds "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Clerk will pay the proceeds of the New York Life policy to the Estate of Deborah Terry.

**IT IS THEREFORE ORDERED** that the Motion for Summary Judgment filed by Defendants Estate of Deborah Terry, Jessica McGraw, and Misty Shelton, (Doc. 13), is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court is instructed to release the proceeds of the New York Life Insurance policy, plus any accrued interest, that is on deposit with the court, (see Docket Entry 12/17/2018), to the Estate of Deborah Terry, Misty Shelton, Administrator CTA.

**IT IS FURTHER ORDERED** that any remaining claims are **DISMISSED**.

A judgment reflecting this Memorandum Opinion and Order will be entered contemporaneously herewith.

This the 22nd day of March, 2021.

/s/ William L. Osteen, Jr.
United States District Judge